UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWSHANZADEH OMID,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>D. MARIN, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 5:26-cv-00457-FLA (DSR)<br><br>**ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT [DKT. 2]** |

## RULING

On February 2, 2026, *pro se* Petitioner Rowshanzadeh Omid ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, challenging his immigration detention as a violation of the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and applicable federal regulations.  Dkt. 1.  That same day, Petitioner filed the subject Motion for a Preliminary Injunction and a Temporary Restraining Order ("Motion"), requesting the court "order his immediate release from custody while this case is litigated."  Dkt. 2 at 4.  On February 13, 2026, Respondents filed a Response, stating "Respondents do not have an opposition argument that they are able to present."  Dkt. 13 at 2.

1 As Respondents do not advance any argument in opposition to the Motion, and concede they have no argument they are able to present, the court GRANTS the unopposed Motion and ORDERS Respondents to:

(1) release Petitioner from custody immediately under the same conditions as he was released prior to his arrest and re-detention;

(2) return all property to Petitioner that was confiscated from him when he was arrested and processed into detention; and

(3) file a statement with the court within one business day of Petitioner's release, attesting to Respondents' compliance with this Order.

Respondents are preliminarily ENJOINED from re-arresting or re-detaining Petitioner during the pendency of the subject *habeas* action absent express authorization by this court. Petitioner's request for a temporary restraining order is DENIED as moot. The court exercises its discretion and waives the posting of a bond. *See* Fed. R. Civ. P. 65(c).

IT IS SO ORDERED.

Dated: February 23, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge