UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-0457-FLA (DSR) Date: November 24, 2026

Title **ROWSHANZADEH OMID v. D. MARIN, et al.**

Present: The Honorable: Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | n/a |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE WHY FINAL JUDGMENT SHOULD NOT BE ENTERED ON TERMS OF PRELIMINARY INJUNCTION**

On February 24, 2026, Judge Aenlle-Rocha entered a Preliminary Injunction in this case ordering Respondents to "release Petitioner from custody immediately under the same conditions as he was released prior to his arrest and re-detention" and further preliminarily enjoining Respondents from "re-arresting or re-detaining Petitioner during the pendency of the subject *habeas* action absent express authorization by this court." See Doc. No. 17. Thereafter, Respondents confirmed that Petitioner was released pursuant to that Order on February 23, 2026. See Doc. No. 19. Since that time, there has been no further action in this case.

A status conference in the above-referenced matter is hereby set for **December 11, 2026, at 3:00 p.m.** in Courtroom 690 of the Roybal Federal Building and Courthouse. The parties are ordered to show cause at the status conference why the preliminary relief entered by the District Judge should not be converted immediately to a final judgment on the merits for the same reasons and on the same terms provided in the order granting preliminary relief. See 28 U.S.C. § 2243; Fed. R. Civ. P. 56(f); cf. Fed. R. Civ. P. 65(a)(2).

The parties may discharge this show-cause order by filing a stipulation and proposed judgment granting the 28 U.S.C. § 2241 petition for the same reasons and on the same terms

already provided in the District Judge's order granting preliminary relief no later than **December 4, 2026**. If the parties file a stipulation and proposed judgment granting the petition, the parties do not have to appear at the December 11, 2026, status conference.

Nothing in the stipulation and proposed judgment, once entered, should or will be deemed a waiver on appeal of the government's existing documented arguments or positions in this case opposing the granting of federal habeas relief for the reasons and on the terms provided in the order rejecting those arguments or positions and granting preliminary relief.

**IT IS SO ORDERED**

:

**Initials of Preparer** LK